DALE M. FIOLA, SBN 76397
Attorney at Law
200 North Harbor Boulevard, Suite 217
Anaheim, California 92805
Fiolaw1@aol.com Email
(714) 635-7888 Phone
(714) 635-3323 Fax

Law Office of Mark Boling
Mark Boling, SBN 101589
maboling@earthlink.net
21986 Cayuga Lane
Lake Forest, CA 92630
(949) 588-9222 Phone
Attorneys for Plaintiff JOHNNY KIM

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| CASHCALL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> JOHNNY KIM, <br><br> Defendant. | CASE NO.: <br><br> **NOTICE OF REMOVAL** |

## NOTICE OF REMOVAL

Please take notice that Defendant Johnny Kim ("Kim") hereby removes the above-captioned action ("Action") to this Court from the Superior Court of the State of California, County of Orange, Civil Complex Center, Case No. 30-2017-00905335-CL-PT-CJC. As set forth below, Kim has complied with the statutory requirements for removal under 28 *U.S.C.* §§ 1441 and 1446, and this Court has federal question jurisdiction over this action pursuant to 28 *U.S.C.* § 1331.

# BACKGROUND

1. On October 19, 2016, KIM filed an action against CashCall, Inc. ("CashCall") in Orange County Superior Court, Case No. 30-2016-00882925-CU-OE-CXC *("Kim I"),* alleging various causes of action arising from his employment with CashCall. Specifically, KIM raised *individual* causes of action: (1) unpaid overtime wages, (2) inadequate meal periods, (3) unlawful deductions from wages, (4) unfair competition, and (5) violation of the Fair Labor Standards Act, but made one representative claim under California Private Attorney's General Act ("PAGA") for statutory penalties. *(See* Declaration of Matthew B. Golper ("Golper Decl."), Ex. A, ISO Petition to Compel Arbitration.)

2. *Kim I* was dismissed without prejudice on February 3, 2017. *See* Golper Decl., If 9, Ex. D, ISO Petition to Compel Arbitration.)

3. Prior to dismissal of *Kim I*, on or about January 16, 2017, KIM filed in the United States District Court, Central District of California, a civil action entitled *Johnny Kim, individually and on behalf of similarly situated employees v. CashCall, Inc.,* and assigned Case No. 8:17-cv-00076-DOC-DFMx *("Kim II).* Kim II does not seek PAGA penalties, but putative class action and collective claims as noted in Paragraph 4 below. *(See* Golper Decl., Ex. E; Perches Decl., Ex. A, ISO Petition to Compel Arbitration.)

4. The current claims in *Kim II,* all of which arise out of Kim's employment with CashCall, are: (1) class claim of unpaid overtime wages, (2) class claim of inadequate meal and rest periods, (3) class claim of unlawful deductions from wages, (4) class claim of unfair competition, and (5) collective claim of violation of the Fair Labor Standards Act. *(See* Golper Decl., Ex. E, ISO Petition to Compel Arbitration.)

5. Kim is seeking an individual and collective claims against CashCall for unpaid overtime compensation and interest thereon under *29 U.S.C. §§ 207(a) and 216(b)* of the Fair Labor Standards Act of 1938 on behalf of Kim and all other loan consultants aka loan agents who are or have been employed by CashCall, at its call centers located in the city of Orange and elsewhere in the State of California ("Call Centers") during the relevant statute of period for each claim and at any time after January 2012. Kim also seeks the recovery of costs, expert witness fees, and reasonable attorneys' fees in accordance with *29 U.S.C. § 216(b)*.

6. Kim is seeking individual and class claims against CashCall for unpaid overtime compensation and interest thereon, compensation for missed meal and rest periods, compensation for unlawful deductions from earned wages, failure to report all earnings, injunctive, declaratory and other equitable relief, and reasonable attorneys' fees and costs, under *Cal. Labor Code* §§ 203, 218.5, 221-223, 226, 226.3, 226.7, 400-410, 510, 512, 1194, and *C.C.P.* §1021.5 on behalf of Kim and all other loan agents who are or have been employed by CashCall, at its call centers located in the city of Orange and elsewhere in the State of California ("Call Centers") during the relevant statute of period for each claim and at any time after January 2012.

7. Kim also seeks declaratory relief invalidating CashCall's Acknowledgement Forms and injunctive relief and restitution of all benefits Defendants have enjoyed from their failure to pay overtime compensation, their failure to provide adequate meal and rest periods, and their practice of making unlawful deductions from the wages of Kim and all other similarly situated employees, under *Cal. Business and Professions Code* 17200-17208. The CashCall Employee Acknowledgement prevents and prohibits "concerted activity" by CashCall's loan agents to seek mutual

aid and protection through class, collective and representative actions in violation of Section 7 of the National Labor Relations Act (NLRA) (29 *U.S.C.* § 158) and Section 8 and California Labor Code Section 923 by interfering with and restraining protected rights under the NLRA and the California Labor Code, along with the public policy of the State of California, to engage in concerted action whereby groups of employees can engage in legal action to protect and preserve work-place rights.

8. After the dismissal of *Kim I* was noticed and served on CashCall, and after CashCall received courtesy notice from the United States District Court of the filing of *Kim II*, CashCall sought to file this Petition to Compel in State Court for some apparent strategic advantage instead of filing in Federal Court where the action now reposes.

9. On February 23, 2017, CashCall filed a Petition to Compel Arbitration ("Petition") and related documents against Kim in the Superior Court of the State of California, County of Orange, Civil Complex, Case No. 30-2017-00905335-CL-PT-CJC. (See **Exhibit A**, attached.) CashCall brings the Petition for an order to compel arbitration of the pending claims set forth in *Kim II*, to-wit: (1) class claim of unpaid overtime wages, (2) class claim of inadequate meal periods, (3) class claim of unlawful deductions from wages, (4) class claim of unfair competition, and (5) collective claim of violation of the Fair Labor Standards Act.

10. Kim's attorney in the *Kim II* case received a copy of the Petition on February 28, 2017. Although the Petition is considered a legal proceeding, CashCall has failed to serve the Petition either by personal or substituted service upon Johnny Kim. Consequently, this removal petition is timely filed. *See* 28 *U.S.C.* § 1446 (b) (requiring removal within 30 days of receipt of initial pleading).

11. Removal to the Central District of California, Southern Division, is proper because this District/Division includes Orange County, California. 28 *U.S.C.* § 1441 (a); *see also* 28 *U.S.C.* § 84 (c) (3) (providing that the Central District of California, Southern Division, includes Orange County).

12. Kim will file a copy of this Notice of Removal with the clerk of the Superior Court of the State of California, County of Orange, and will serve a copy on CashCall, as required by 28 *U.S.C.* § 1446 (d).

**REMOVAL BASED ON FEDERAL QUESTION JURISDICTION**

13. Kim's basis for removal is federal question jurisdiction. This Court has original jurisdiction over Kim's individual and collective claims, which CashCall seeks to compel arbitration in its Petition, for unpaid overtime wages in violation of 29 *U.S.C.* §§ 207 (a) and 216 (b) of the Fair Labor Standards Act of 1938 under 28 *U.S.C.* § 1331.

14. This Court has supplemental jurisdiction over Kim's individual and class state claims claims, which form part of the same case or controversy under Article III of the United States Constitution as Kim's federal claims herein under 28 *U.S.C.* § 1367 (a), which necessarily includes supplemental jurisdiction over:

    a) KIM's claims for unpaid overtime wages under *Cal. Labor Code §1194;*

    b) KIM's claims for penalties for failure to pay wages of discharged employees under *Cal. Labor Code §203;*

    c) KIM's claims for meal period violations and unlawful deductions from wages due under *Cal. Labor Code §218;*

    d) This Court has jurisdiction over Kim's claims for declaratory relief, injunctive relief and restitution of ill-gotten benefits arising from CashCall's unfair, deceptive or unlawful

business practices under *Cal. Business & Professions Code §§ 17203 and 17204;*

    e) This Court also has jurisdiction to rescind and invalidate CashCall's Employee Acknowledgement Forms as violating the rights protected under NLRA and the California Labor Code to engage in collective and concerted activities for mutual aid and protection.

15. Kim denies the allegations contained in CashCall's Petition that are not otherwise admitted heretofore and files this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in its favor in either state or federal court.

16. Further, in making the allegations in this Notice of Removal, Kim does not concede in any way that the allegations in the Petition are accurate, that CashCall has asserted claims upon which relief can be granted, or that relief sought is authorized or appropriate.

17. Kim also reserves the right to amend or supplement this Notice of Removal. If any questions arise as to the propriety of the removal of this Action, Kim expressly requests the opportunity to present such further evidence as necessary to support its position that this Action is removable.

18. For the reasons stated above, Kim removes this Action, Civil Case No. 30-2017-00905335-CL-PT-CJC, currently pending in the Superior Court of the State of California, County of Orange, Civil Complex Center, to this Court. Kim respectfully requests that this Court assume jurisdiction over this matter and grant Kim such other and further relief as this Court deems just and proper.

## MEET AND CONFER

19. This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on March 1, 2017. See **Exhibit B**.

DATED: March 11, 2017           /s/ Dale M. Fiola
DALE M. FIOLA
Attorney for Defendant JOHNNY KIM